UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP
-----------------------------------------------------------x
In re:

                                               Chapter 11

THE WOODCREST CLUB, INC.,                   Case No. 09-79481 (DTE)

                         Debtor.

-----------------------------------------------------------x

**AMENDED PLAN OF ORDERLY LIQUIDATION OF
THE WOODCREST CLUB, INC.
<u>UNDER CHAPTER 11 OF THE BANKRUPTCY CODE</u>**

S<small>ILVERMAN</small>A<small>CAMPORA</small> LLP
Attorneys for The Woodcrest Club, Inc.
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Gerard R. Luckman

Dated: May 24, 2010

| **Article I.** | **Definitions and Interpretation**............................................................**1** |
|---|---|
| 1.1 | "Administrative Expense Claim" ...............................................................1 |
| 1.2 | "Allowed".................................................................................................1 |
| 1.3 | "Bankruptcy Code"..................................................................................1 |
| 1.4 | "Bankruptcy Court" .................................................................................1 |
| 1.5 | "Bankruptcy Rules".................................................................................1 |
| 1.6 | "Bondholder Claims" ..............................................................................1 |
| 1.7 | "Business Day" .......................................................................................1 |
| 1.8 | "Chapter 11 Case" ..................................................................................2 |
| 1.9 | "Claim" ....................................................................................................2 |
| 1.10 | "Class" ....................................................................................................2 |
| 1.11 | "Collateral"..............................................................................................2 |
| 1.12 | "Commencement Date"...........................................................................2 |
| 1.13 | "Confirmation Date" ................................................................................2 |
| 1.14 | "Confirmation Hearing"...........................................................................2 |
| 1.15 | "Confirmation Order"...............................................................................2 |
| 1.16 | "Debtor" ..................................................................................................2 |
| 1.17 | "DIP Lenders" .........................................................................................2 |
| 1.18 | "Disclosure Statement"...........................................................................2 |
| 1.19 | "Disputed Claim".....................................................................................2 |
| 1.20 | "Disputed Claims Reserve".....................................................................3 |
| 1.21 | "Effective Date".......................................................................................3 |
| 1.22 | "Equity Interest" ......................................................................................3 |
| 1.23 | "Estate" ...................................................................................................3 |
| 1.24 | "Final Order" ...........................................................................................3 |
| 1.25 | "Members" ...............................................................................................3 |
| 1.26 | "Non-Judicial Dissolution Procedures" ...................................................3 |
| 1.27 | "Person"...................................................................................................3 |
| 1.28 | "Plan"......................................................................................................3 |
| 1.29 | "Plan Documents"....................................................................................3 |
| 1.30 | "Premises" ..............................................................................................3 |
| 1.31 | "Priority Claim".........................................................................................3 |
| 1.32 | "Priority Non-Tax Claim"..........................................................................4 |
| 1.33 | "Priority Tax Claim"..................................................................................4 |
| 1.34 | "Releasees" ............................................................................................4 |

grl/D299591v3/F057848

| 1.35 | "Reorganized Debtor" | 4 |
| 1.36 | "Schedules" | 4 |
| 1.37 | "Secured Claim" | 4 |
| 1.38 | "Setoff Claim" | 4 |
| 1.39 | "Time Insurance Company" | 4 |
| 1.40 | "Unsecured Claim" | 4 |
| **Article II.** | **Treatment of Administrative Expense Claims and Priority Tax Claims** | **5** |
| 2.1 | Administrative Expense Claims | 5 |
| 2.2 | Priority Tax Claims. | 5 |
| **Article III** | **Classification of Claims and Equity Interests** | **5** |
| 3.1 | Equity Interest and Claims | 5 |
| 3.2 | General Rules of Classification | 5 |
| 3.3 | Administrative Claims | 5 |
| 3.4 | Satisfaction of Claims and Interests | 5 |
| 3.5 | Bar Dates for Administrative Claims | 5 |
| 3.6 | Bar Date for Fee Claims | 6 |
| **Article IV.** | **Treatment of Claims and Equity Interests** | **6** |
| 4.1 | Class 1 - Priority Non-Tax Claims | 6 |
| 4.2 | Class 2 – Time Insurance Company Secured Claim | 6 |
| 4.3 | DIP Lenders Secured Claims | 6 |
| 4.4 | Class 3 - Unsecured Claims | 7 |
| 4.5 | Class 4 – Bondholder Claims | 7 |
| 4.6 | Class 5 - Equity Interests | 7 |
| 4.7 | Confirmation Pursuant to Section 1129(b) of the Bankruptcy Code | 7 |
| **Article V.** | **Acceptance or Rejection of the Plan** | **7** |
| 5.1 | Voting of Claims | 7 |
| 5.2 | Acceptance by a Class of Creditors | 8 |
| **Article VI.** | **Provisions Governing Distributions** | **8** |
| 6.1 | Distributions Under the Plan | 8 |
| 6.2 | Delivery of Distributions and Undeliverable Distributions | 8 |
| 6.3 | Compliance with Tax Requirements | 9 |
| 6.4 | Time Bar to Cash Payments | 9 |
| 6.5 | Setoffs | 9 |
| 6.6 | Professional Fees and Expenses | 9 |
| 6.7 | Transactions on Business Days | 9 |

**Article VII.**      **Means for Implementation and Execution of the Plan** ................10

  7.1      Funding ...............................................................................................10

  7.2      Debtor's Post-Confirmation Role .....................................................10

  7.3      Corporate Action ...............................................................................10

  7.4      Effectuating Documents and Further Transactions ...............................10

  7.5      Closing of the Chapter 11 Case ........................................................10

**Article VIII.**      **Procedures for Resolving and Treating Disputed Claims** ..........10

  8.1      No Distribution Pending Allowance .........................................................10

  8.2      Resolution of Disputed Claims ................................................................10

  8.3      Reserve Account for Disputed Claims ....................................................11

  8.4      Investment of Disputed Claims Reserve .................................................11

  8.5      Allowance of Disputed Claims .................................................................11

  8.6      Release of Funds from Disputed Claims Reserve ...................................11

  8.7      Closing of Disputed Claims Reserve ......................................................11

**Article IX.**      **Treatment of Executory Contracts and Unexpired Leases** .........11

  9.1      Executory Contracts and Unexpired Leases ..........................................11

  9.2      Approval of Assumption of Executory Contracts and Unexpired Leases 12

**Article X.**      **Releases** ......................................................................................12

  10.1      Release of Releasees by Debtor .............................................................12

  10.2      Release of Released Parties ...................................................................12

**Article XI.**      **Effectiveness of the Plan** ...........................................................12

  11.1      Conditions Precedent to the Effective Date ...........................................12

  11.2      Waiver of Conditions ...............................................................................13

  11.3      Termination of the Plan ............................................................................13

**Article XII.**      **Effects of Confirmation** ..............................................................13

  12.1      Vesting of Assets in Reorganized Debtor ...............................................13

  12.2      Release of Assets ...................................................................................13

  12.3      Binding Effect ..........................................................................................13

  12.4      Term of Injunctions or Stays ...................................................................13

  12.5      Rights of Action .......................................................................................14

  12.6      Injunction .................................................................................................14

**Article XIII.**      **Retention of Jurisdiction** .............................................................14

  13.1      Jurisdiction of Bankruptcy Court .............................................................14

**Article XIV.**      **Miscellaneous Provisions** ..........................................................15

  14.1      Exculpation ..............................................................................................15

  14.2      Post-Confirmation Date Fees and Expenses ........................................15

grl/D299591v3/F057848

| 14.3 | Payment of Statutory Fees | 15 |
| 14.4 | Modification of Plan | 16 |
| 14.5 | Withdrawal or Revocation | 16 |
| 14.6 | Courts of Competent Jurisdiction | 16 |
| 14.7 | Notices | 16 |
| 14.8 | Severability | 16 |
| 14.9 | Governing Law | 17 |
| 14.10 | Headings | 17 |
| 14.11 | Exhibits | 17 |

grl/D299591v3/F057848

**THE WOODCREST CLUB, INC.**, a New York Not For Profit Company , the debtor and debtor in possession in the above-captioned chapter 11 Case, proposes the following amended chapter 11 plan of liquidation (the "Plan") pursuant to section 1121(a) of the Bankruptcy Code. The Plan is predicated upon the closing of the Sale of the Debtor's Real Property and among other things the Plan being deemed to be in compliance with Sections 363(d) and 1129(a)(16) of the Bankruptcy Code.

## ARTICLE I.
## DEFINITIONS AND INTERPRETATION

**Definitions.**  As used in the Plan, the following terms shall have the respective meanings specified below, unless the context otherwise requires:

**1.1**     "Administrative Expense Claim" means any Claim under sections 503(b) and 507(a)(1) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the assets of the Debtor, any actual and necessary expenses of operating the business of the Debtor, all compensation and reimbursement of expenses allowed by the Bankruptcy Court under sections 330 or 503 of the Bankruptcy Code, and any fees and charges assessed against the Debtor under section 1930 of chapter 123 of Title 28 of the United States Code.

**1.2**     "Allowed" means, with respect to a Claim or Equity Interest, any Claim or Equity Interest, proof of which was timely and properly filed or, if no proof of Claim or proof of interest was filed, which has been or hereafter is listed by the Debtor on its Schedules as liquidated in amount and not disputed or contingent and, in either case, as to which no objection to allowance has been interposed on or before the expiration of the time within which to object to such Claim as set forth in the Plan or such other applicable period of limitation fixed by the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or as to which any objection has been determined by a Final Order to the extent such objection is determined in favor of the respective holder.  Unless otherwise specified in the Plan or by order of the Bankruptcy Court, "Allowed Claim" shall not, for purposes of computation of distributions under the Plan, include interest on such Claim from and after the Effective Date.

**1.3**     "Bankruptcy Code" means title 11 of the United States Code, as amended from time to time.

**1.4**     "Bankruptcy Court" means the United States Bankruptcy Court for the Eastern District of New York or, if such court ceases to have jurisdiction over the Chapter 11 Case, the court or adjunct thereof that exercises jurisdiction over the Chapter 11 Case.

**1.5**     "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure, as amended from time to time, as applicable to the Chapter 11 Case, including the Local Rules of the Bankruptcy Court.

**1.6**     "Bondholder Claims" means the claims against the Debtor represented by bonds issued by the Debtor in favor of various of its current and former Members, and includes the holders of subvention certificates.

**1.7**     "Business Day" means any day other than a Saturday, a Sunday, and any other day on which commercial banks in New York, New York are required or authorized to close by law or executive order.

**1.8** "Chapter 11 Case" means the Case under chapter 11 of the Bankruptcy Code commenced by The Woodcrest Club, Inc. under the caption In re The Woodcrest Club, Inc., Chapter 11 Case No. 09-79481 (DTE), which Case is currently pending in the Bankruptcy Court.

**1.9** "Claim" means any right to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, known or unknown; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, known or unknown.

**1.10** "Class" means any group of substantially similar Claims or Equity Interests classified by the Plan pursuant to section 1123(a)(1) of the Bankruptcy Code.

**1.11** "Collateral" means any property or interest in property of the Estate of the Debtor subject to a lien to secure the payment or performance of a Claim, which lien is valid, perfected and enforceable under applicable law, and is not subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable state law.

**1.12** "Commencement Date" means December 10, 2009, the date on which the Debtor filed a voluntary petition for relief under Chapter 11.

**1.13** "Confirmation Date" means the first date after which the Bankruptcy Court enters an order confirming the Plan pursuant to section 1129 of the Bankruptcy Code and upon which all of the condition set forth in section 11.1 are satisfied.

**1.14** "Confirmation Hearing" means the hearing held by the Bankruptcy Court to consider confirmation of the Plan pursuant to section 1129 of the Bankruptcy Code, as such hearing may be adjourned or continued from time to time.

**1.15** "Confirmation Order" means the order of the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

**1.16** "Debtor" means The Woodcrest Club, Inc. as debtor and debtor in possession under Chapter 11 of the Bankruptcy Code.

**1.17** "DIP Lenders" shall mean JB Equities, - the initial DIP Lender and Chelsey Funding LLC the final DIP Lender in the Debtor's Chapter 11 Case.

**1.18** "Disclosure Statement" means the disclosure statement relating to the Plan, including, without limitation, all exhibits and schedules thereto, as approved by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code.

**1.19** "Disputed Claim" means any Claim, proof of which was timely and properly filed, and (a) which has been or hereafter is listed on the Schedules as unliquidated, disputed, or contingent, and which has not been resolved by written agreement of the parties or by an order of the Bankruptcy Court, or (b) as to which the Debtor or any other party in interest has interposed a timely objection or request for estimation in accordance with the Bankruptcy Code and the Bankruptcy Rules, which objection or request for estimation has not been withdrawn or determined by a Final Order. Prior to (i) the filing of an objection to a Claim or (ii) the expiration of the time within which to object to such Claim set forth in the Plan or otherwise established by

grl/D299591v3/F057848

order of the Bankruptcy Court, for purposes of the Plan, a Claim shall be considered a Disputed Claim if (i) the amount of the Claim specified in the proof of Claim exceeds the amount of the Claim scheduled by the Debtor as other than disputed, contingent or unliquidated, or (ii) the Claim is not listed on the Schedules.

**1.20** "Disputed Claims Reserve" means, in the event there exists any Disputed Claims on the Effective Date, the reserve established in accordance with Article VIII of the Plan, to hold cash that would be distributable to the holders of such Claims if such Claims are subsequently Allowed, as set forth more fully in Article VIII of the Plan.

**1.21** "Effective Date" means the date on which the Plan shall become effective, which date shall be as soon as reasonably practicable after the date on which the conditions specified in section 11.2 of the Plan have been satisfied or waived thirty days after the closing of the sale of the Premises.

**1.22** "Equity Interest" means the interest of any owner of equity in the Debtor or owning a capital certificate of the Debtor.

**1.23** "Estate" means the estate of the Debtor created pursuant to section 541 of the Bankruptcy Code upon the commencement of the Chapter 11 Case.

**1.24** "Final Order" means an order of the Bankruptcy Court as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or motion for reargument or rehearing is then pending or as to which any right to appeal, petition for certiorari, or move to reargue or rehear shall have been waived in writing in form and substance satisfactory to the Debtor or, in the event that an appeal, writ of certiorari, or reargument or rehearing thereof has been sought, such order of the Bankruptcy Court shall have been upheld by the highest court to which such order was appealed, or from which certiorari, reargument or rehearing was sought and the time to take any further appeal, petition for certiorari or move for reargument or rehearing shall have expired.

**1.25** "Members" means the Members of The Woodcrest Club, Inc.

**1.26** "Non Judicial Dissolution Procedures" shall mean the procedures and processes contained in Article 10 of the New York Not For Profit Corporation Law.

**1.27** "Person" means an individual, partnership, corporation, limited liability company, business trust, joint stock company trust, unincorporated association, joint venture, governmental authority, governmental unit or other entity of whatever nature.

**1.28** "Plan" means this chapter 11 plan of reorganization, including all exhibits and schedules annexed hereto, either in its present form or as it may be altered, amended or modified from time to time.

**1.29** "Plan Documents" means the forms of documents effectuating the transactions contemplated by this Plan, which documents shall be in form and content reasonably acceptable to the Debtor.

**1.30** "Premises" means the land and buildings known as The Woodcrest Golf Club located at 225 Muttontown Eastwoods Road, Syosset, NY 11791-2409.

**1.31** "Priority Claim" means a Priority Tax Claim or Priority Non-Tax Claim.

grl/D299591v3/F057848

**1.32** "Priority Non-Tax Claim" means any Claim, other than an Administrative Expense Claim or a Priority Tax Claim, entitled to priority in payment under section 507(a) of the Bankruptcy Code.

**1.33** "Priority Tax Claim" means any Claim of a governmental unit of the kind entitled to priority in payment as specified in section 507(a)(8) of the Bankruptcy Code.

**1.34** "Releasees" shall mean the Debtor and the current Members of its Board of Directors.

**1.35** "Reorganized Debtor" means the Debtor on and after the Effective Date.

**1.36** "Schedules" means the schedules of assets and liabilities and the statements of financial affairs filed by the Debtor as required by section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, including any supplements or amendments thereto through the Confirmation Date.

**1.37** "Secured Claim" means a Claim held by any Person against the Debtor secured by Collateral, but only to the extent of the value, as set forth in the Plan, as agreed to by the holder of such Claim and the Debtor, or as determined by a Final Order of the Bankruptcy Court pursuant to section 506(a) of the Bankruptcy Code, of such Person's interest in the Estate's interest in such Collateral; provided, however, that a Secured Claim shall not include any portion of the Claim to the extent that the value of such Person's interest in the Collateral is less than the amount of such Claim.

**1.38** "Setoff Claim" means any Secured Claim secured by a right to offset a mutual debt owing by such creditor to the Debtor that arose before the Commencement Date against the claim of such creditor against the Debtor that arose before the Commencement Date.

**1.39** "Time Insurance Company" means Time Insurance Company the Debtor's prepetition secured creditor holding mortgages on the Premises and a security interest in the Debtor's remaining assets.

**1.40** "Unsecured Claim" means any Claim other than a Secured Claim, an Administrative Expense Claim or a Priority Claim.

**Other Terms.**

A term used in the Plan that is not defined shall have the meaning ascribed to that term, if any, in the Bankruptcy Code.

**Construction of Certain Terms.**

The words "herein," "hereof," "hereto," "hereunder," and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan. Wherever from the context it appears appropriate, each term stated in either the singular or the plural shall include the singular and the plural and pronouns stated in the masculine, feminine or neuter gender shall include the masculine, the feminine and the neuter.

grl/D299591v3/F057848

## ARTICLE II.
## TREATMENT OF ADMINISTRATIVE
## EXPENSE CLAIMS AND PRIORITY TAX CLAIMS

**2.1** **Administrative Expense Claims.**

On the Effective Date, or as soon as thereafter as is reasonably practicable, each holder of an Allowed Administrative Expense Claim shall receive in full satisfaction thereof an amount in cash equal to the Allowed amount of such Claim.

**2.2** **Priority Tax Claims.** On the Effective Date, or as soon thereafter as is reasonably practicable, each holder of an Allowed Priority Tax Claim shall receive in full satisfaction thereof an amount in cash equal to the Allowed amount of such Claim.

## ARTICLE III.
## CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS AND GENERAL PROVISIONS

**3.1** Equity Interests and Claims (other than Priority Tax Claims and Administrative Expense Claims) are classified for all purposes, including voting, confirmation, and distribution pursuant to the Plan, as follows:

| CLASS | STATUS |
| --- | --- |
| Class 1 – Priority Non-Tax Claims | Not impaired |
| Class 2 (a) – Time Insurance Company Secured Claim | Not impaired |
| Class 2 (b) – DIP Lenders' Secured Claims | Not impaired |
| Class 3 – Unsecured Claims | Not impaired |
| Class 4 – Bondholder Interests | Not impaired |
| Class 5 – Equity Interests | Not impaired |

**3.2** **General Rules of Classification**. Generally, a Claim or interest is classified in a particular Class for voting and distribution purposes only to the extent the Claim or interest qualifies within the description of that Class, and is classified in another Class or Classes to the extent the Claim or interest qualifies within the description of such other Class or Classes.

**3.3** **Administrative Claims**. Administrative Claims have not been classified and are excluded from the Classes of Claims in accordance with section 1123(a)(1) of the Bankruptcy Code.

**3.4** **Satisfaction of Claims and Interests**. The treatment to be provided for Allowed Claims pursuant to this Plan and the consideration provided for herein shall be in full satisfaction, settlement, release and discharge of such respective Claims, pursuant to the Plan.

**3.5** **Bar Dates for Administrative Claims**. PROOFS OF ADMINISTRATIVE CLAIMS AND APPLICATIONS FOR PAYMENT OF ADMINISTRATIVE CLAIMS WHICH

grl/D299591v3/F057848

**HAVE ARISEN ON OR AFTER THE COMMENCEMENT DATE MUST BE FILED AND SERVED PURSUANT TO THE PROCEDURES SET FORTH IN THE CONFIRMATION ORDER.** The bar date for Administrative Claims and Fee Claims does not apply to Administrative Claims incurred in the ordinary course of the Debtor's business which will be paid in the ordinary course of the Debtor's business.

**3.6     Bar Date for Fee Claims**. The Confirmation Order shall provide for a bar date for the filing of requests for professional fees and expenses incurred prior to the entry of the Confirmation Date.  Any Person that fails to File an application for the payment of professional fees and expenses on or before the time and date established in the order scheduling the hearing shall be forever barred from seeking payment or reimbursement from the Debtor, its Estate, or property.

## ARTICLE IV.
## TREATMENT OF CLAIMS AND EQUITY INTERESTS

**4.1     Class 1 - Priority Non-Tax Claims**.

**(a)     Impairment and Voting.**  Class 1 Claims are not impaired by the Plan. Holders of Allowed Claims in Class 1 are not entitled to vote to accept or reject the Plan and shall conclusively be deemed to have accepted the Plan.  The Debtor believes that there are a minimal amount of Priority-Non-Tax Claims.

**(b)     Distributions.**  On the Effective Date, or as soon thereafter as is reasonably practicable, each holder of an Allowed Class 1 Claim shall receive in full satisfaction of its claim in an amount in cash equal to the Allowed amount of its Claim with interest, or such holder may be treated on such less favorable terms as may be agreed to by such holder.

**4.2     Class 2(a) – Time Insurance Company Secured Claim**.

**(a)     Impairment and Voting.**  Class 2(a) is not impaired by the Plan.  The holder of the Class 2(a) Claim is not entitled to vote to accept or reject the Plan and shall conclusively be deemed to have accepted the Plan.

**(b)     Distributions.**  Time Insurance Company has an Allowed Secured Claim of approximately $6.5 million with accrued interest and legal fees which will be satisfied in full at the closing of the sale of the Premises.  Any remaining Time Insurance Company claim will be paid in accordance with the stipulation entered into with Time Insurance Company by the Debtor, the Committee and the Ad Hoc Committee.

**4.3     Class 2(b) – DIP Lenders' Secured Claims**.

**(a)     Impairment and Voting.**  Class 2(b) is not impaired by the Plan.  The holder of the Class 2(b) Claims are not entitled to vote to accept or reject the Plan and shall conclusively be deemed to have accepted the Plan.

**(b)     Distributions.**  The DIP Lenders each have an Allowed Secured Claim with accrued interest and legal fees which will be satisfied in full at the closing of the sale of the Premises as allowed by Court order.

grl/D299591v3/F057848

**4.4**     <u>Class 3 – Unsecured Claims</u>.

        **(a)**     <u>Impairment and Voting</u>. Class 3 is not impaired by the Plan. The holders of the Allowed Claims in Class 3 are not entitled to vote to accept or reject the Plan. Class 3 shall conclusively be deemed to have accepted the Plan.

        **(b)**     <u>Distributions</u>. On the later of the Effective Date or ten (10) days after entry of a Final Order allowing a Class 3 Claim, or as soon thereafter as is reasonably practicable and provided that the sale shall have generated sufficient funds, each holder of an Allowed Class 3 Claim shall receive cash in the full amount of its Allowed Claim with interest at the federal judgment rate from the Commencement Date.

**4.5**     <u>Class 4 – Bondholder Claims</u>.

        **(a)**     <u>Impairment and Voting</u>. Class 4 is not impaired by the Plan. The holders of the Allowed Claims in Class 4 are not entitled to vote to accept or reject the Plan. Class 4 shall conclusively be deemed to have accepted the Plan.

        **(b)**     <u>Distributions</u>. On the later of the Effective Date or ten (10) days after entry of a Final Order allowing a Class 4 Claim, or as soon thereafter as is reasonably practicable and provided that the sale shall have generated sufficient funds, each holder of an Allowed Class 4 Claim shall receive cash in the full amount of its Allowed Claim as required by the bond evidencing such Claim after payment of Class 3 Claims is made.

**4.6**     <u>Class 5 - Equity Interests</u>.

        **(a)**     <u>Impairment and Voting</u>. Class 5 is not impaired by the Plan. The holders of Equity Interests in Class 5 will receive whatever they are entitled to in accordance with the Debtor's by-laws.

        **(b)**     <u>Distributions</u>. Provided that the sale of the Debtor's assets has generated sufficient funds, in accordance with Article XVI of the Debtor's By Laws, the holders of Equity Interests in the Debtor shall be paid their pro rata share of the funds remaining after the satisfaction of all other Claims and a reserve for the administration of this estate is funded. Thereafter the Equity Interests will be cancelled.

**ARTICLE V.**
**ACCEPTANCE OR REJECTION OF THE PLAN**

    **5.1(a)**  <u>Voting of Claims</u>. Only holders of an Allowed Claim in an impaired Class of Claims are entitled to vote to accept or reject the Plan as provided for in the order entered by the Bankruptcy Court establishing certain procedures with respect to the solicitation and tabulation of votes to accept or reject the Plan (a copy of which will be distributed together with the Disclosure Statement). There are no impaired classes of Claims under the Debtor's plan. Consequently, there will be no creditor vote taken with regard to the Plan.

    **5.1(b)**  <u>Voting of Equity Interest.</u> Equity Interests are not impaired under the Plan. Equity interests will separately vote on the liquidation of the Debtor and the sale of the assets in order to comply with Article 10 of the New York Not For Profit Corporation Law.

    **5.2**     <u>Acceptance by a Class of Creditors or Interest Holders</u>. Consistent with section 1126(c) of the Bankruptcy Code and except as provided for in section 1126(e) of the

grl/D299591v3/F057848

Bankruptcy Code, a Class of creditors shall have accepted the Plan if it is accepted by at least two-thirds in dollar amount and more than one-half in number of the holders of Allowed Claims or Interests of such Class that have timely and properly voted to accept or reject the Plan.

## ARTICLE VI.
## PROVISIONS GOVERNING DISTRIBUTIONS

**6.1**    **Distributions Under the Plan**.

     **(a)**    **Effective Date Payments.**  On the Effective Date or as soon thereafter as is reasonably practical, from the proceeds of the closing of the Sale of the Debtor's Premises, the Debtor shall (i) fund a reserve for the anticipated future costs of administration of this estate and remit to holders of Allowed Administrative Expense Claims and Allowed Priority Claims and Allowed Unsecured Claims an amount in cash equal to the Allowed amount of such Claims, or such lesser amounts as agreed to by such holders; (ii) pay or reserve for the payment of all Bondholders Claims and (iii) remit to the Disputed Claims Reserve in respect of Disputed Unsecured Claims cash equal to the amount of such Disputed Claims. All distributions made to holders of Claims under the Plan shall be in full and final satisfaction of all Claims.

     **(b)**    **Subsequent Distributions.**

     After the Effective Date, to the extent cash is available from (i) the Disputed Claims Reserve following the disallowance or reduction of Disputed Claims, or (ii) undeliverable, time-barred or unclaimed distributions to holders of Allowed Claims, such cash shall be returned to the Debtor for the ultimate benefit of its Equity Holders. After the Effective Date, the Debtor shall distribute to the holders of Claims Allowed by a Final Order of the Bankruptcy Court after the Effective Date cash equal to the Allowed portion of such holder's Allowed Claim, including interest thereon from the Commencement Date to the Effective Date, and shall distribute to the Debtor for subsequent distribution cash equal to that portion of such holder's Claim that is disallowed by a Final Order of the Bankruptcy Court.

     **(c)**    **Distributions of Cash.**  Any payment of cash made by the Debtor pursuant to the Plan may be made at the option of the Debtor either by check drawn on a domestic bank or by wire transfer from a domestic bank.

**6.2**    **Delivery of Distributions and Undeliverable Distributions.**  Distributions to holders of Allowed Claims and Interests shall be made to the address of each such holder as set forth on the Schedules filed with the Bankruptcy Court, unless superseded by a new address as set forth (a) on a proof of claim filed by a holder of an Allowed Claim or (b) in another writing notifying the Debtor (at the addresses set forth in the Plan) of a change of address. If any holder's distribution is returned as undeliverable, no further distributions to such holder shall be made unless and until the Debtor is notified of such holder's then-current address, at which time all missed distributions shall be made to such holder, without interest. All Claims for undeliverable distributions shall be made on or before the earlier of one hundred and twenty (120) days after the date such undeliverable distribution was initially made.

**6.3**    **Compliance with Tax Requirements.**  In connection with the Plan, to the extent applicable, the Debtor in making distributions under the Plan shall comply with all tax withholding and reporting requirements imposed on it by any governmental unit, and all distributions pursuant to the Plan shall be subject to such withholding and reporting requirements. The Debtor may withhold the entire distribution due to any holder of an Allowed

grl/D299591v3/F057848

Claim or interest until such time as such holder provides the necessary information to comply with any withholding requirements of any governmental unit. Any property withheld will then be paid by the Debtor to the appropriate authority. If the holder of an Allowed Claim or Interest fails to provide the information necessary to comply with any withholding requirements of any governmental unit within six (6) months from the date of first notification to the holder of the need for such information or for the cash necessary to comply with any applicable withholding requirements, then the holder's distribution shall be treated as an undeliverable distribution in accordance with this Article.

**6.4** **Time Bar to Cash Payments.** Checks issued by the Debtor in respect of Allowed Claims shall be null and void if not negotiated within ninety (90) days after the date the check is mailed. Requests for reissuance of any check shall be made to the Debtor by the holder of the Allowed Claim to whom such check originally was issued. Any claim in respect of a voided check shall be made on or before the earlier of (a) thirty (30) days after the expiration of the ninety (90) day period following the date of issuance of such check, and (b) the thirtieth (30th) day prior to a Subsequent Distribution Date.

**6.5** **Setoffs.** The Debtor may, in accordance with section 553 of the Bankruptcy Code and applicable non-bankruptcy law, set off against any Allowed Claim and the distributions to be made pursuant to the Plan on account of such Claim (before any distribution is made on account of such Claim), the claims, rights and causes of action of any nature that the Debtor may hold against the holder of such Allowed Claim; provided, however, that neither the failure to effect such a setoff nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtor, Debtor in Possession or the Reorganized Debtor of any such claims, rights and causes of action that the Debtor, Debtor in Possession or the Reorganized Debtor may possess against such holder; and provided further, however, that any claims of the Debtor arising before the Commencement Date shall first be setoff against Claims against the Debtor arising before the Commencement Date.

**6.6** **Professional Fees and Expenses.** Each professional person or firm retained by order of the Bankruptcy Court requesting compensation in the Chapter 11 Case pursuant to sections 330 or 503(b) of the Bankruptcy Code shall be required to file an application for an allowance of final compensation and reimbursement of expenses in the Chapter 11 Case incurred through the Confirmation Date on or before a date to be set by the Bankruptcy Court in the Confirmation Order, which shall be no later than sixty (60) days after the Confirmation Date. Objections to any such application shall be filed on or before a date to be set by the Bankruptcy Court in the Confirmation Order.

**6.7** **Transactions on Business Days.** If the Effective Date or any other date on which a transaction may occur under the Plan shall occur on a day that is not a Business Day, the transactions contemplated by the Plan to occur on such day shall instead occur on the next succeeding Business Day.

**6.8** **New York Law Compliance.** Any assets distributable under this Plan to a creditor or member who is unknown or cannot be found, shall be distributed to the Comptroller of the State of New York pursuant to the Abandoned Property Law of such State within six (6) months from the date fixed for the payment of the final liquidating distribution as provided below. Any assets distributable to members shall only be distributed, to the extent and only to the extent permitted by applicable law.

grl/D299591v3/F057848

## ARTICLE VII.
## MEANS FOR IMPLEMENTATION AND EXECUTION OF THE PLAN

**7.1** **Funding.** The Debtor will pay Class 1, 2(a), 2(b), 3 and 4 Claims and all Administrative Expenses -- including tax obligations ("Taxes") incurred as a result of the sale of the Premises -- and professional fees in cash on or as soon as practicable after the Effective Date. Payments to Class 5 Equity Interests will be made as soon as practicable after payment or reserve for payment of all Claims, Taxes and Administrative Expenses.

**7.2** **Debtor's Post-Confirmation Role.** On or before the Effective Date, the Debtor shall make the distributions and transfers from the Disputed Claims Reserve contemplated by the Plan. After the Effective Date, the Debtor shall administer the Disputed Claims Reserve. On and after the Effective Date, the Debtor shall be solely responsible for filing any tax returns for, and for all other tax matters relating to the Debtor or Reorganized Debtor.

**7.3** **Corporate Action.** Upon the Effective Date, the Debtor shall perform each of the actions required by the terms of the Plan, in the time period set forth in the Plan.

**7.4** **Effectuating Documents and Further Transactions.** Each of the officers or directors of the Debtor is authorized and directed to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents, including without limitation, the Plan Documents, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

**7.5** **Closing of the Chapter 11 Case.** When all Disputed Claims filed against the Debtor have become Allowed Claims or have been disallowed by Final Order, and the Disputed Claims Reserve has been distributed in accordance with the Plan, but, subject to further Order of the Court on notice to the Office of the United States Trustee, not later than one hundred and twenty (120) days after the Confirmation Date, the Debtor shall seek authority from the Bankruptcy Court to close the Chapter 11 Case in accordance with the Bankruptcy Code and the Bankruptcy Rules.

## ARTICLE VIII.
## PROCEDURES FOR RESOLVING AND TREATING DISPUTED CLAIMS

**8.1** **No Distribution Pending Allowance.** Notwithstanding any other provision of the Plan, no cash or other property shall be distributed under the Plan on account of any Disputed Claim, unless and until such Claim becomes an Allowed Claim.

**8.2** **Resolution of Disputed Claims.** Unless otherwise ordered by the Bankruptcy Court after notice and a hearing, the Debtor shall have the right to the exclusion of all others (except as to applications for allowances of compensation and reimbursement of expenses under sections 330 and 503 of the Bankruptcy Code) to make and file objections to Claims and shall serve a copy of each objection upon the holder of the Claim to which the objection is made as soon as practicable, but in no event later than sixty (60) days after the Confirmation Date (the "Objections Bar Date"). From and after the Confirmation Date, all objections shall be litigated to a Final Order except to the extent the Debtor elects to withdraw any such objection or the Debtor and the claimant elect to compromise, settle or otherwise resolve any such objection, in which event they may settle, compromise or otherwise resolve any Disputed Claim without approval of the Bankruptcy Court. A Disputed Claim as to which no objection is filed by the Objections Bar Date shall become an Allowed Claim.

grl/D299591v3/F057848

**8.3**     <u>Reserve Account for Disputed Claims.</u>   On and after the Effective Date, the Debtor shall hold in the Disputed Claims Reserve, (i) cash in an aggregate amount sufficient to pay to each holder of a Disputed Unsecured Claim the amount that such holder would have been entitled to receive under the Plan if such Claim had been an Allowed Claim on the Effective Date, and (ii) net earnings on such cash. All cash and earnings thereon shall be used to satisfy any expenses incurred in connection with the maintenance of the Disputed Claims Reserve, including taxes payable on such interest income, if any.

**8.4**     <u>Investment of Disputed Claims Reserve.</u>   The Debtor shall be permitted, from time to time, in its sole discretion, to invest all or a portion of the cash in the Disputed Claims Reserve in United States Treasury Bills, interest-bearing certificates of deposit, tax exempt securities or investments permitted by section 345 of the Bankruptcy Code or otherwise authorized by the Bankruptcy Court, using prudent efforts to enhance the rates of interest earned on such cash without inordinate credit risk or interest rate risk.

**8.5**     <u>Allowance of Disputed Claims.</u>   If, on or after the Effective Date, any Disputed Claim becomes an Allowed Claim, the Debtor shall, by the fifteenth (15th) Business Day of the first month following the month in which the Claim becomes an Allowed Claim, distribute from the Disputed Claims Reserve to the holder of such Allowed Claim (x) (i) cash in an aggregate amount sufficient to pay to each holder of a Disputed Claim the amount that such holder would have been entitled to receive under the Plan if such Claim had been an Allowed Claim on the Effective Date and (ii) earnings on such cash, reduced by (y) an amount equal to such Claim's proportionate share of all expenses of the Disputed Claims Reserve, including without limitation, any taxes imposed by any governmental unit with respect to income generated by or attributable to property held in the Disputed Claims Reserve and reasonable reserves.

**8.6**     <u>Release of Funds from Disputed Claims Reserve.</u>   To the extent a Disputed Claim is disallowed, the cash attributable to such Disallowed Claim will be distributed to the Debtor; <u>provided</u>, <u>however</u>, that the Debtor shall retain at all times until closing of the Disputed Claims Reserve at least $10,000 cash from which the Debtor shall pay the costs and fees, if any, of administering the Disputed Claims Reserve.

**8.7**     <u>Closing of the Disputed Claims Reserve.</u>   After the last Disputed Claim is resolved, whether by Final Order of the Bankruptcy Court or by stipulation between the Debtor and the holder of such Disputed Claim, the Debtor shall (i) distribute to the holder of Claims cash as provided for in Article 8.5 hereof, (ii) pay all remaining costs and fees of the Disputed Claims Reserve (iii) distribute all remaining cash to Class 5 Interests and (iv) close the Disputed Claims Reserve.

**ARTICLE IX.**
<u>**TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**</u>

**9.1**     <u>Executory Contracts and Unexpired Leases.</u>   On the Confirmation Date, all executory contracts and unexpired leases that exist between the Debtor and any Person, whether or not previously listed by the Debtor on Schedule "G" of its Schedules, shall be deemed rejected as of the Confirmation Date, except for any executory contract or unexpired lease (a) that has been assumed or rejected pursuant to an order of the Bankruptcy Court entered prior to the Confirmation Date, or (b) as to which a motion for approval of the assumption or rejection of such contract or lease is pending on the Confirmation Date including but not limited to, as part of the Sale of the Premises.

grl/D299591v3/F057848

**9.2** **Approval of Rejecton of Executory Contracts and Unexpired Leases**.  Entry of the Confirmation Order shall constitute the approval, pursuant to section 365(a) of the Bankruptcy Code, of the rejection of the executory contracts and unexpired leases rejected pursuant to the Plan.

**ARTICLE X.**

**RELEASES**

**10.1** **Release of Releasees by Debtor.**   As of the Effective Date, each of the Releasees shall be released by the Debtor from any and all claims (as defined in section 101(5) of the Bankruptcy Code), obligations, suits, judgments, damages, rights, causes of action and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that the Debtor is entitled to assert in its own right or on behalf of any holder of any Claim or Equity Interest or other Person, based in whole or in part upon any act or omission, transaction, agreement, event or other occurrence taking place on or prior to the Effective Date.

**10.2** **Release of Released Parties**   In consideration for the distributions received under the Plan, all holders of Claims and Interest shall be deemed to have released and forever discharged: (a) the Debtor, the present officers, directors, employees, advisors, successors and assigns of the foregoing; and (b) the Releasees, and any Person claimed to be liable derivatively through any of the foregoing (such parties described in the preceding clauses (a) and (b) above, collectively, the "Released Parties") of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, promises, damages, claims and liabilities whatsoever, known or on known, arising from a Claim or based upon the same subject matter as a claim or Equity Interest and existing on the Confirmation Date or which thereafter could arise based on any fact, transaction, cause, matter or thing which occurred prior to the Confirmation Date.  Subject to sections 524 and 1141 of the Bankruptcy Code, the releases described herein shall not preclude, police, federal tax, or regulatory agencies from fulfilling their statutory duties.  Any Person accepting any distribution pursuant to the Plan shall be presumed conclusively to have released the Released Parties from any cause of action arising from or based on the same subject matter as the Claim or Interest.  The release described in the preceding sentence shall be enforceable as a matter of contract.  The releases described herein are in addition to, and not in lieu of, any other release separately given, conditionally or unconditionally, by the Debtor or Reorganized Debtor to any other Person.

**ARTICLE XI.**
**EFFECTIVENESS OF THE PLAN**

**11.1** **Conditions Precedent to the Effective Date.**   The following are conditions precedent to the Effective Date of the Plan:

**(a)**     The Bankruptcy Court shall have entered the Confirmation Order confirming the Plan, in form and substance satisfactory to the Debtor;

**(b)**     No stay of the Confirmation Order shall then be in effect and the Confirmation Order is a Final Order;

grl/D299591v3/F057848

(c)     The Debtor shall have closed on the sale of the Premises and thereby have sufficient cash to fund the Plan payments to Class 1,2(a), 2(b) and 3 Claims and Administrative Claims, provided for under the Plan;

(d)     All agreements and instruments contemplated by, or to be entered into pursuant to, the Plan and its provisions, including without limitation, each of the other Plan Documents necessary for the effectuation of the Plan, shall have been duly and validly executed and delivered by the parties thereto and all conditions to their effectiveness shall have been satisfied or waived; and

(e)     The Plan and the Sale contemplated therein, shall be in compliance with Article 10 of New York Not For Profit Corporation Law.

**11.2     Waiver of Conditions.**  Notwithstanding the foregoing, the Debtor reserves the right to waive the occurrence of any of the foregoing conditions precedent.  Any such waiver of a condition precedent hereof may be effected at any time, without notice, without leave or order of the Bankruptcy Court, and without any formal action other than proceeding to consummate the Plan.  Any actions required to be taken on the Effective Date shall take place and shall be deemed to have occurred simultaneously, and no such action shall be deemed to have occurred prior to the taking of any other such action.  If the Debtor decides that one of the foregoing conditions cannot be satisfied and the occurrence of such condition is not waived, then the Debtor shall file a notice of the failure of the Effective Date with the Bankruptcy Court.

**11.3     Termination of the Plan**.  Unless otherwise extended by the Debtor, this Plan shall terminate and shall not become effective if the Confirmation Order is not entered on or before June 30, 2010 and the Effective Date has not occurred on or before ninety (90) days after the Confirmation Order is entered.

## ARTICLE XII.
## EFFECTS OF CONFIRMATION

**12.1     Vesting of Assets in Reorganized Debtor.**  As of the Effective Date, pursuant to the provisions of sections 1141(b) and (c) of the Bankruptcy Code, all property, assets and claims owned by the Debtor shall vest in the Reorganized Debtor for purposes of Distribution under the Plan, free and clear of all Claims and interests, except as otherwise expressly provided and subject to the provisions of the Plan, the Confirmation Order or the Bankruptcy Code.

**12.2     Release of Assets**.  Until the Effective Date, the Bankruptcy Court shall retain jurisdiction of the Debtor, its assets and property.  Thereafter, jurisdiction of the Bankruptcy Court shall be limited to the subject matter set forth in Article XIII of the Plan.

**12.3     Binding Effect.**  Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of the Plan shall bind any holder of a Claim against, or Equity Interest in, the Debtor and its successors and assigns, whether or not the Claim or Equity Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.

**12.4     Term of Injunctions or Stays.**  Unless otherwise provided, all injunctions or stays provided for in the Chapter 11 Case pursuant to sections 105 or 362 of the Bankruptcy

grl/D299591v3/F057848

Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the closing of the Chapter 11 Case.

**12.5** **Rights of Action.** Except as otherwise provided elsewhere in the Plan, on and after the Effective Date, the Reorganized Debtor will have the exclusive right to enforce any and all present or future rights, claims or causes of action against any Person and rights of the Debtor that arose before or after the Effective Date, including, without limitation, the Debtor's claims in connection with the Don Realty Action.

**12.6** **Injunction.** On and after the Confirmation Date, all Persons are permanently enjoined from commencing or continuing in any manner any action or proceeding (whether directly, indirectly, derivatively or otherwise) based on any act, omission, transaction, or other activity of any kind or nature that occurred on or before the Confirmation Date.

**ARTICLE XIII.**
**RETENTION OF JURISDICTION**

**13.1** **Jurisdiction of Bankruptcy Court.** The Bankruptcy Court shall retain jurisdiction of all matters arising under, arising out of, or related to, the Chapter 11 Case and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

(a) To hear and determine any motions for the assumption, assumption and assignment or rejection of executory contracts or unexpired leases, and the allowance of any Claims resulting there from;

(b) To determine any and all pending adversary proceedings, applications, and contested matters;

(c) To hear and determine any objection to any Claims;

(d) To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, or vacated;

(e) To issue such orders in aid of execution of the Plan to the extent authorized by section 1142 of the Bankruptcy Code;

(f) To consider any modifications of the Plan, to cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(g) To hear and determine all applications for compensation and reimbursement of expenses of professionals under sections 330, 331, and 503(b) of the Bankruptcy Code;

(h) To hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan;

(i) To recover all assets of the Debtor and property of the Estate, wherever located;

grl/D299591v3/F057848

(j)     To hear and determine disputes arising in connection with the interpretation, implementation or enforcement of the Plan;

(k)     To hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code (including any requests for expedited determinations under section 505(b) of the Bankruptcy Code filed, or to be filed, with respect to tax returns for any and all taxable periods ending after the Commencement Date through the closing of the Chapter 11 Case);

(l)     To hear and determine any motion for appointment of a trustee after Confirmation of the Plan;

(m)     To hear any other matter consistent with the provisions of the Bankruptcy Code; and

(n)     To enter a final decree closing the Chapter 11 Case, on notice to the Office of the United States Trustee.

### ARTICLE XIV.
### MISCELLANEOUS PROVISIONS

**14.1     Exculpation.**  Neither the Debtor, nor the Releasees, nor any of their respective members, officers, directors, employees, attorneys, advisors or agents who were members, officers, directors, employees, attorneys, advisors or agents, as the case may be, during the Chapter 11 Case shall have or incur any liability to any holder of a Claim or Equity Interest for any act or omission in connection with, or arising out of, the Chapter 11 Case, the pursuit of confirmation of the Plan, the consummation of the Plan or the administration of the Plan or the property to be distributed under the Plan, except for willful misconduct, and, in all respects, the Debtor and the Releasees, and each of their respective members, officers, directors, employees, advisors and agents shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

**14.2     Post-Confirmation Date Fees and Expenses of Professionals.**  After the Confirmation Date, the Debtor shall, in the ordinary course of business and without the necessity for any approval by the Bankruptcy Court, pay the reasonable fees and expenses of the professional persons employed by the Debtor in connection with the implementation and consummation of the Plan, the claims reconciliation process and any other matters as to which such professionals may be engaged.  The fees and expenses of such professionals shall be paid within ten (10) Business Days after submission of a detailed invoice to the Debtor.  If the Debtor disputes the reasonableness of any such invoice, it shall timely pay the undisputed portion of such invoice, and the Debtor or the affected professional may, no later than the closing of the chapter 11 case, submit such dispute to the Bankruptcy Court for a determination of the reasonableness of such invoice.

**14.3     Payment of Statutory Fees.**  All fees payable pursuant to Chapter 123 of Title 28, United States Code, as determined by the Bankruptcy Court on the Confirmation Date, shall be paid on the Effective Date.  Any statutory fees accruing after the Confirmation Date shall constitute Administrative Expense Claims and be paid by the Debtor in accordance with section 2.1 of the Plan.

grl/D299591v3/F057848

**14.4   Modification of Plan.**   The Debtor reserves the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan at any time prior to the entry of the Confirmation Order.  After the entry of the Confirmation Order, the Debtor may, upon order of the Bankruptcy Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code, or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan.  A holder of an Allowed Claim that is deemed to have accepted the Plan shall be deemed to have accepted the Plan as modified if the proposed modification does not materially and adversely change the treatment of the Claim of such holder.

**14.5   Withdrawal or Revocation.**   The Debtor may withdraw or revoke the Plan at any time prior to the Confirmation Date.  If the Debtor revokes or withdraws the Plan prior to the Confirmation Date, or if the Confirmation Date does not occur, then the Plan shall be deemed null and void.  In such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claim by or against the Debtor or any other person or to prejudice in any manner the rights of the Debtor or any other person in any further proceedings involving the Debtor.

**14.6   Courts of Competent Jurisdiction.**   If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising out of the Plan, such abstention, refusal or failure of jurisdiction shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

**14.7   Notices.**   Any notices to or requests of the Debtor or the Reorganized Debtor by parties in interest under or in connection with the Plan shall be in writing and served either by (a) certified mail, return receipt requested, postage prepaid, (b) hand delivery, or (c) national overnight delivery service, all charges prepaid, and shall be deemed to have been given when received by the following parties:

THE WOODCREST CLUB, INC.
225 Muttontown Eastwoods Road
Syosset, NY 11791
Attention:  Diane Besso

*with a copy to:*

SILVERMANACAMPORA LLP
Attorneys for The Woodcrest Club, Inc.
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Attn:  Gerard R. Luckman, Esq.

**14.8   Severability.**   In the event that the Bankruptcy Court determines, prior to the Confirmation Date, that any provision of the Plan is invalid, void or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation.  The Confirmation Order shall constitute a judicial determination and shall provide

grl/D299591v3/F057848

that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**14.9    Governing Law.**  Except to the extent the Bankruptcy Code or Bankruptcy Rules are applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of New York, without giving effect to the principles of conflicts of law thereof.

**14.10   Headings.**  Headings are used in the Plan for convenience and reference only, and shall not constitute a part of the Plan for any other purpose.

**14.11   Exhibits.**  All Exhibits and Schedules to the Plan are incorporated into and are a part of the Plan as if set forth in full herein.

Dated: Jericho, New York
      May 24, 2010

THE WOODCREST CLUB, INC.

By:  ___*s/Richard Halpern*_____
      Name: Richard Halpern
      Title:   President of the Board of Govenors

SILVERMANACAMPORA LLP
Attorneys for The Woodcrest Club, Inc.

By:  ___*s/Gerard R. Luckman*_____
      Gerard R. Luckman
      100 Jericho Quadrangle, Suite 300
      Jericho, New York 11753
      (516) 479-6300

grl/D299591v3/F057848